BRONISLAW DOMZALSKI, PLAINTIFF, v. WILLIAM COHEN
ET AL., DEFENDANTS.

Submitted May 11, 1928—Decided January 16, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and KATZENBACH.

For the rule, *Ralph N. Kellam.*

*Contra, Albert S. Woodruff.*

PER CURIAM.

This case is before this court upon a defendants' rule to
show cause prosecuted by one of two defendants. On March
4th, 1927, the plaintiff was walking to his place of employ-
ment upon the sidewalk of Central avenue in the city of Cam-
den, when two automobiles came in collision at the intersection
of Central avenue and Seventh street. A car belonging to
the defendants William, Harry, Samuel and Rachel Cohen,
trading as E. Cohen & Sons, was pushed on the sidewalk.
This was the car which struck the plaintiff. The Cohen car
(a Chevrolet) was being driven west on Central avenue. The
car of the defendant Reitz (a Chrysler) was being driven
north on Seventh street. There was testimony that the Chrys-
ler car was going thirty miles an hour and the Chevrolet
twenty-five miles an hour at the time of the accident. Both
cars were traveling in excess of the speed limit. Some of the
witnesses placed the speed of the Chrysler at forty-five miles

an hour. The driver admitted that he was going twenty-five miles an hour.

It is argued by the defendant E. Cohen & Sons who prosecute this rule, that the verdict is contrary to the weight of the evidence. We are not impressed with this contention. We consider the evidence of negligence ample on the part of both defendants to sustain the verdict.

The verdict was for $30,000. It is claimed that this is excessive. The injury was a severe one. It is permanent. The defendant is deprived of thirty-five per cent. of the use of his right leg. The calf of this leg was torn away. The wound became infected. A sloughing ulcer appeared. These conditions, of course, will be to some extent remedied but the efficiency of the leg to the percentage named will be a permanent disability. The expenses and loss of wages to which the plaintiff was put was about $3,400. The plaintiff earned $35 a week. His age at the time of the accident was forty-five years. Taking into consideration all these elements we have reached the conclusion that the verdict is excessive and should be reduced to $20,000. If the plaintiff will within ten days from the filing of this opinion enter his written consent to the reduction of the verdict to $20,000, the rule will be discharged. If the said reduction is not consented to within said period, the rule will be made absolute.